Michelle H. Burns, United States Magistrate Judge
Pending before this Court is Plaintiffs' Motion for Partial Summary Judgment and Statement of Facts in support (Docs. 27, 28). Defendants have filed a Response (Doc. 30), and Plaintiffs have filed a Reply (Doc. 31). Plaintiffs claim that they are entitled to summary judgment on the first claim of their two-count Complaint, for violation of the Federal Fair Housing Act[1] (FHA) claim against Defendant Villa de Paz Apartments, LLC (hereinafter "Villa de Paz").
BACKGROUND
In August, 2016, Plaintiffs Zhou and Burton entered into a lease to rent an apartment unit at Villa de Paz, located in Phoenix, Arizona. Plaintiff Zhou had two minor children, B.S. and G.Y. living with her and Burton[2] at the time. In October 2016, Plaintiff Lucas Sesanto and April McCarty entered into a lease to rent an apartment unit at Villa de Paz. Their two minor children, B.S. and G.Y. lived with them at the time. The resident manager at Villa de Paz was Janice Bessette (hereinafter "Bessette"). During Plaintiffs' tenancy, Villa de Paz sent them a notice entitled "Villa De Paz Residents Please Read!" which read, in relevant part, as follows:
Minor occupants are [sic] need to be supervised at all times! Parents are responsible of [sic] their children when playing outside; please keep your children in front of your units. The noise level has been out of control during the day and into the evenings. Not following the rules of the property will result in a 10 day notice.
(Docs. 27-4, Exh. 1; 30-3, Exh. A.)
Villa de Paz also sent a "reminder" notice to Plaintiffs that read, in relevant part, as follows: "Residents please remember under age minors must be supervised at all times." (Docs. 27-4, Exh. 2; 30-4, Exh. B.) In another written communication to Plaintiffs, Villa de Paz reminds them that "children must have parental supervision while playing outside at all times." (Doc. 27-4, Exh. 12.) The supervision rules applied to all minors under the age of 18. Villa de Paz does not dispute these facts.
Whether and to what extent the supervision rules were enforced is disputed by the *912 parties. Plaintiff Zhou claims that in September 2016, her two children were outside playing unsupervised when Bessette told them to go inside. (Doc. 27-2, Decl. Zhou ¶ 3). On another occasion in late 2016, a male tenant yelled at her daughter and another child who were playing outside at the complex that they needed to be quiet and go home. (Id. ¶ 4.) Plaintiff Zhou saw this man go into Bessette's apartment unit. (Id. ) Zhou confronted Bessette the next day after receiving a notice that read in part, "no standing, walking, sitting, dancing on picnic tables is allowed; this is a safety issue," and "[m]inor occupants need to be supervised at all times." (Id. ) Plaintiff Zhou also claims that on other occasions Bessette told her that she preferred that Zhou be outside with the kids when they are playing, and on other occasions stood outside and glared at Zhou as the children played. (Id., at 5-7.)
In July, 2017, near the end of Zhou's lease, she asked Bessette if they could go on a month-to-month tenancy, but claims that Bessette told her that "[w]e do not do month-to-month anymore." (Doc. 27-2, Decl. Zhou ¶ 8.) At all times relevant to this lawsuit, Villa de Paz did not offer month-to-month tenancies. (Doc. 30-5, Exh. C at 35-36.) Zhou did not renew her lease and moved out of the apartment complex in August, 2017.
In June, 2017, the 13-year old son of Plaintiff Sesanto, B.S., was walking through the complex, "bouncing a racket [sic] ball," when Bessette took his ball and then said, "[i]f I see you with this type of ball again, you'll be getting kicked out." (Doc. 27-4, Decl. Sesanto ¶ 3.) On several other occasions, B.S. would be playing in the common areas with balls and a frisbee and was told by Bessette to stop playing with those items. (Id. ¶ 4.) When Sesanto complained to Bessette, she would respond, "[t]his is where people live. It's not a park." (Id. ) Desanto received a notice sent to the community that read: "PLEASE REMEMBER THIS IS NOT A PARK: NO BALL PLAYING ALLOWED." (Docs. 27-4, Exh. 12) (emphasis in original). The notice also read that "[t]his is not a community park. This is our home." (Id. )
In September, 2017, Sesanto went to the office to pay rent and commented to Bessette that the rules were too strict and needed to be relaxed. (Doc. 2704, Decl. Lucas Sesanto ¶ 4.) The following day he received a notice of termination of lease, though he was current on his rent. (Id. ) Villa de Paz later filed an eviction notice against Sesanto. (Id. ) Sesanto does not dispute that he never received any notices of lease violation for any violation of Villa de Paz's rules regarding supervision of minors, although he received lease notices for violating other community policies. (Doc. 30-7, Exh. E at 46-50.)
Villa de Paz asserts that Plaintiffs were never given notice of lease violations due to minors being unsupervised. (Docs. 30-1 ¶ 1.) Villa de Paz also disputes Plaintiff Zhou's version of events relating to her daughter playing outside: Villa de Paz claims that Bessette saw Zhou's four-year old daughter with a non-resident who appeared to be seven or eight years older, and who appeared to be cursing and directing inappropriate comments toward her, which is why Bessette told her to go inside. (Id. ¶ 3.)
STANDARD
Summary judgment is warranted if the evidence shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(a). The moving party must produce sufficient evidence to persuade the court that there is no genuine issue of material fact. See Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1102 (9th Cir. 2000). Conversely, *913 to defeat a motion for summary judgment, the nonmoving party must show that there are genuine issues of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A material fact is one that might affect the outcome of the suit under the governing law, and a factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248, 106 S.Ct. 2505.
The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of any genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the nonmoving party would bear the burden of persuasion at trial, the moving party may carry its initial burden of production under Rule 56(a) by producing "evidence negating an essential element of the nonmoving party's case," or by showing, "after suitable discovery," that the "nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." Nissan Fire, 210 F.3d at 1105-06.
When the moving party has carried its burden under Rule 56(a), the nonmoving party must produce evidence to support its claim or defense by more than simply showing "there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue of material fact for trial. See id. The nonmoving party's evidence is presumed to be true and all inferences from the evidence are drawn in the light most favorable to the nonmoving party. See Eisenberg v. Ins. Co. of North America, 815 F.2d 1285, 1289 (9th Cir. 1987). If the nonmoving party produces direct evidence of a genuine issue of material fact, the motion for summary judgment is denied. See id.
ANALYSIS
Plaintiffs claim that Defendant violated FHA provision 42 U.S.C. § 3604(c), which makes it unlawful to "make, print, or publish or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on ... familial status, ... or an intention to make any such preference, limitation, or discrimination." "[A] plaintiff makes out a prima facie case of intentional discrimination under the [Fair Housing Act] merely by showing that a protected group has been subjected to explicitly differential - i.e. discriminatory - treatment." Community House, Inc. v. City of Boise, 490 F.3d 1041, 1050 (9th Cir. 2007) (citation omitted) (men-only policy facially discriminatory because it treats women and families differently).
Plaintiffs claim that Villa de Paz violated 42 U.S.C. § 3604(c) as a matter of law by publicizing the following notices:
Minor occupants are [sic] need to be supervised at all times. Parents are responsible of [sic] their children when playing outside; please keep your children in front of your units.
(Docs. 27-4, Exh.1 - excerpt.)
Residents please remember under age minors must be supervised at all times.
(Doc. 27-4, Exh. 2.)
Children must have parental supervision while playing outside at all times.
(Doc. 27-4, Exh. 12.)
Plaintiffs cite several cases in support of their assertion that these policies discriminate *914 as a matter of law against families with children. In Iniestra v. Cliff Warren Investment, Inc., 886 F.Supp.2d 1161, 1166 (C.D. Cal. 2012), the Court held that Plaintiffs had met their prima facie burden of demonstrating that apartment policies requiring that tenant children be supervised by an adult at all times, and that children under the age of 18 were not allowed in the pool area without the supervision of an adult, were facially discriminatory under the FHA. The Court then analyzed whether Defendant had established "that their rules constitute[d] a compelling business necessity and that they have used the least restrictive means to achieve that end." Id. at 1167 (citation omitted). The Court found the rules were over broad efforts to address Defendant's cited noise and safety concerns.
In Pack v. Washington II, 689 F.Supp.2d 1237, 1243-44 (E.D. Cal. 2009), the Court held that apartment policies mandating that (1) all children under 10 must be supervised by an adult while outside, (2) children under the age of 12 may not use the pool table in the clubhouse, (3) children under 14 must be supervised by a parent when using the pool and spa, and (4) children under the age of 18 abide by a 10:00 p.m. curfew, to be facially unlawful under the § 3604(b) or (c) of the FHA. The Court found that Defendants' generic citation to safety and enjoyment was not sufficient to establish the reasonableness of the restrictions. Id. at 1243. See, also, Bischoff v. Brittain, 183 F.Supp.3d 1080, 1089 (E.D. Cal. 2016) (apartment complex's training documents relating to the recommended management of unsupervised children facially discriminatory); Blomgren v. Ogle, 850 F.Supp. 1427, 1440 (E.D. Wash. 1993) (flyer distributed that no children or pets allowed in the apartment as a matter of law discriminatory); Fair Housing Congress v. Weber, 993 F.Supp. 1286, 1290 (C.D. Cal. 1997) (rule requiring that "children not be allowed to play or run around inside the building area at any time" facially discriminatory); Mathews v. Arrow Wood LLC, 2009 WL 8659593 *2 (C.D. Cal. 2009) (rule requiring that minor children be supervised by an adult at all times discriminatory on its face).
Villa de Paz asserts in its response that Plaintiffs have suffered no injury as a result of the published rules, and therefore, by implication, there can be no violation of the FHA. Even if a Plaintiff suffers no injury as a result of a discriminatory policy, Villa de Paz cites no authority that a lack of injury absolves a defendant of liability. Plaintiffs cite Blomgren v. Ogle, 850 F.Supp. 1427, 1440 (E.D. Wash. 1993) (rule per se discriminatory without proof that defendant had knowledge of the rule, ... "[d]amages, however, may be imposed only where there is credible proof of harm proximately caused by the violation.") in support their assertion that there does not have to be a showing of harm to establish a FHA violation.
The Court finds that Plaintiffs have met their burden as to the first claim of their Complaint, that Defendants' rules regarding the supervision of minor children violate the FHA as a matter of law, and will grant partial summary judgment on that claim. Wherefore,
IT IS ORDERED that Plaintiffs' Motion for Partial Summary Judgment (Doc. 27) is GRANTED .

42 U.S.C. § 3601 et seq.

The relationship of Burton and the two minor children is not stated in Plaintiffs' motion or in the Complaint.